IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| ORALIA RAMON LOPEZ, INDIVIDUALLY, ON BEHALF OF THE ESTATE OF JOSE ALFREDO AGUILAR HERNANDEZ, DECEASED, AND ON BEHALF OF WRONGFUL DEATH BENEFICIARIES <br><br> Plaintiff, <br><br> v. <br><br> LE-MAR HOLDINGS, INC., D/B/A EDWARDS MAIL SERVICE, SHAUN MICHAEL LITTLEFIELD, AND EDWARDS MAIL SERVICE, INC., <br><br> Defendants. | CAUSE NO. 3:15-CV-00130 <br><br><br> JURY TRIAL DEMAND |

## PLAINTIFF'S FIRST AMENDED ORIGINAL COMPLAINT

COMES NOW, ORALIA RAMON LOPEZ, individually, on behalf of the Estate of Jose Alfredo Aguilar Hernandez, Deceased, and on behalf of the below-named Wrongful Death Beneficiaries, complaining of Defendants LE-MAR HOLDINGS, INC., D/B/A EDWARDS MAIL SERVICE, SHAUN MICHAEL LITTLEFIELD, and EDWARDS MAIL SERVICE, INC., and for cause of action would show the Court the following:

### I. JURISDICTION AND VENUE

1.  This Court has original jurisdiction in this matter pursuant to 28 U.S.C. §1332(a). There is complete diversity between the parties. The parties bringing this cause of action are citizens of Mexico, and the defendants are residents of the State of Texas. The damages

1

sought in this action are well in excess of $75,000.00, excluding interest and costs. Defendants LE-MAR HOLDINGS, INC., D/B/A EDWARDS MAIL SERVICE and EDWARDS MAIL SERVICE, INC., are subject to this Court's personal jurisdiction with respect to this civil action, as they maintain a terminal and office at 8630 Boeing, Suite 4, El Paso, Texas 79925; as such, pursuant to 28 U.S.C. § 1391, venue is proper in the El Paso Division of the Western District of Texas.

## II. PARTIES

2. ORALIA RAMON LOPEZ is a resident of the State of Chihuahua, Mexico, and not admitted to the United States for permanent residence. She is the widow of Jose Alfredo Aguilar Hernandez (hereinafter, the "Deceased"). The Deceased was a citizen of Mexico who was not admitted to the United States for permanent residence at the time of his death. ORALIA RAMON LOPEZ, individually and in her representative capacity, is hereinafter collectively referred to as the "Plaintiff."

3. Defendant LE-MAR HOLDINGS, INC., doing business as EDWARDS MAIL SERVICE (hereinafter referred to as "Defendant Le-Mar"), is a Texas corporation and is subject to this Court's personal jurisdiction with respect to this civil action in El Paso, Texas. Defendant Le Mar may be served with process by serving its registered agent, William D. Curry, at 1613 W. Loop 289, Lubbock, Texas 79416.

4. Defendant EDWARDS MAIL SERVICE, INC. (hereinafter referred to as "Defendant Edwards"), is a Texas corporation and is subject to this Court's personal jurisdiction with

respect to this civil action in El Paso, Texas. Defendant Edwards may be served with process by serving its registered agent, William D. Curry, at 1613 W. Loop 289, Lubbock, Texas 79416.

5. Defendant Le-Mar and Defendant Edwards are hereinafter collectively referred to as "the Employer Defendants".

6. Defendant Shaun Michael Littlefield (hereinafter referred to as "Defendant Littlefield"), is an individual residing in the State of Texas, and may be served by delivery of summons at his residence, being 309 South Main, Rankin, Texas 79778.

7. The Employer Defendants and Defendant Littlefield are hereinafter collectively referred to as "the Defendants".

## III. STANDING AND CAPACITY

### A. WRONGFUL DEATH CLAIM

8. The Plaintiff is the surviving wife of the Deceased. The Deceased was the father of Esperanza Johana Roman Lopez (an adult), Ubaldo Samuel Roman Lopez (an adult), Liliana Aguilar Roman (an adult), A.A.R. (a minor), and F.A.R. (a minor) (the children are hereinafter collectively referred to as the "Children"). She brings this action, pursuant to §71.004 of the *Texas Civil Practice and Remedies Code*, individually and on behalf of the Children, as Wrongful Death beneficiaries. The Plaintiff has the authority to bring this suit on behalf of the minor Children, as she is the sole remaining parent of the minor Children, and files on behalf of the adult children with their consent and permission.

B.   SURVIVAL STATUTE CLAIM

9.   The Plaintiff and the Children are the sole legal heirs of the estate of the Deceased. Pursuant to §71.021 of the Texas Civil Practice and Remedies Code, the Plaintiff brings this action against the Defendants for legally recoverable damages. No administrator has been appointed for the Deceased's estate, and no administration of the Deceased's estate is pending and none is necessary. All heirs of the Deceased entitled to a share of his estate agree to the Plaintiff bringing this action on their behalf and on behalf of the estate.

## IV. FACTS

10.   The injuries which lead to the death of the Deceased, and injuries and damages sustained by the Plaintiff, the Children and the estate of the Deceased, which are made the basis of this action, arose out of an occurrence on or about December 21, 2013, on Interstate Highway 20 near Merkel, Texas. At such time and place, the Deceased's vehicle became disabled in the far left lane of the westbound lanes of Interstate Highway 20. The Deceased took the appropriate and reasonable action of exiting the vehicle and moving toward the center median area dividing westbound lanes of Interstate Highway 20. The lights of the disabled vehicle were on.

11.   Then, a vehicle belonging to the Employer Defendants and operated by Defendant Littlefield, started to approach the disabled vehicle. While many other westbound vehicles avoided the stranded vehicle and the Deceased by slowing and moving to the right lanes of traffic, Defendant Littlefield did not. As he approached the disabled vehicle, he was

traveling at a high rate of speed for the conditions, and took faulty evasive action by moving to the left and toward the center median where the Deceased was standing. The Deceased had no time to move or take evasive action. As a result, the vehicle operated by Defendant Littlefield struck the Deceased head-on. As a result of this impact, the Deceased sustained life-ending injuries.

## V. NEGLIGENCE OF DEFENDANT LITTLEFIELD

12. The impact, and Deceased's injuries and death, and the injuries and dmages sustained by the Plaintiff, the Children, and the estate of the Deceased, were the direct and p[roximate result of the negligence of Defendant Littlefield. Specifically, it is hereby alleged that Defendant Littlefield was negligent in the following respects:

 (a) failing to control the speed of the vehicle he was driving;
 (b) taking faulty evasive action by moving toward the grassy median rather than slowing earlier and moving to the right to pass the disabled vehicle;
 (c) failing to apply the brakes of the vehicle he was driving in a timely manner in order to avoid striking the Deceased;
 (d) failing to maintain proper attention to the driving conditions then surrounding him;
 (e) failing to take timely evasive action to avoid striking the Deceased;
 (f) failing to keep and maintain a proper lookout;
 (f) failing to maintain a safe and proper distance from the Deceased; and
 (h) engaging in other acts of negligence.

13. Each of the foregoing acts and omissions of Defendant Littlefield, taken either singularly or in combination with others, were performed in a manner other than as a person of ordinary prudence would have performed under the same or similar circumstances, and constitute negligence on the part of Defendant Littlefield. Further, the acts and omissions

of Defendant Littlefield, taken either singularly or in combination with others, constituted a proximate cause of the severe injuries sustained by the Deceased which lead to his death, and damages sought in this action, as hereinafter described.

## VI. NEGLIGENCE OF THE EMPLOYER DEFENDANTS

14. Further, the Deceased's injuries and death, and the injuries and damages sustained by the Plaintiff, the Children, and the estate of the Deceased, were also the direct and proximate result of the negligence of the Employer Defendants. Specifically, it is hereby alleged that the Employer Defendants were each negligent in the following respects:

   (a) failing to properly train Defendant Littlefield in the driving of their/its vehicles;
   (b) failing to exercise ordinary care in the hiring, supervision, and retention of Defendant Littlefield;
   (c) failing to ensure that Defendant Littlefield complied with FMCSR regulations; and
   (d) engaging in other acts of negligence.

15. The Employer Defendants are also each liable under the doctrine of *respondeat superior* for the negligence of its/their employees, who committed to above acts and/or omissions, and the negligent acts and omissions of Defendant Littlefield.

16. Each of the foregoing acts and omissions of the Employer Defendants, by and through their respective employees and agents, taken either singularly or in combination with others, were performed in a manner other than as a person of ordinary prudence would have performed under the same or similar circumstances, and constitute negligence on the part of the Employer Defendants. Further, the acts and omissions of the Employer Defendants, by

and through their respective employees and agents, taken either singularly or in combination with others, constituted a proximate cause of the severe injuries sustained by the Deceased which lead to his death, and damages sought in this action, as hereinafter described.

## VII.   DAMAGES

17.   The Plaintiff would show that as a direct and proximate result of the negligence of the Defendants, the Deceased and his estate were severely damaged. The Deceased suffered injuries to his body. The Decedent suffered damages, including, but not limited to:

- (a)   Conscious pain, suffering and excruciating physical agony prior to death;
- (b)   Medical, hospital and nursing expenses; and
- (c)   Funeral and burial expenses.

18.   As a direct and proximate result of the negligence of the Defendants, the Plaintiff and the Children sustained injuries and damages as a result of the wrongful death of the Deceased, including, but not limited to:

- (a)   Pecuniary loss, including the loss of the care, maintenance, support, services, advice, counsel, guidance and reasonable contributions of pecuniary value;
- (b)   Loss of the Decedent's society and companionship, love, affection, comfort, protection, and attention;
- (c)   Loss of inheritance, gifts, benefits, and other valuable gratuities;
- (d)   Loss of consortium;
- (e)   Mental anguish;
- (f)   Loss of a husband's and son's love, affection, advice, counsel, care, consortium, protection, services, attention, society and companionship;
- (g)   Medical and counseling expenses;
- (h)   Funeral and burial expenses; and
- (i)   Other damages.

19.   The Plaintiff asks the trier of fact to determine the amount of these damages.

## VIII. PRE-JUDGMENT and POST-JUDGMENT INTEREST

20. The Plaintiff seeks pre-judgment and post-judgment interest.

## IX. JURY TRIAL

21. The Plaintiff requests trial by jury.

**WHEREFORE, PREMISES CONSIDERED,** ORALIA RAMON LOPEZ, individually, on behalf of the Estate of Jose Alfredo Aguilar Hernandez, Deceased, and on behalf of all Wrongful Death Beneficiaries, pray that Defendants LE-MAR HOLDINGS, INC., D/B/A EDWARDS MAIL SERVICE, SHAUN MICHAEL LITTLEFIELD, and EDWARDS MAIL SERVICE, INC., be cited to appear and answer herein, that this cause be set for trial before a jury, and that the Plaintiff recover a judgment of and from Defendants LE-MAR HOLDINGS, INC., D/B/A EDWARDS MAIL SERVICE, SHAUN MICHAEL LITTLEFIELD and EDWARDS MAIL SERVICE, INC., for the actual damages in such amount as the evidence may show and the jury may determine to be proper, together with costs, pre-judgment interest, post-judgment interest, and such other and further relief to which the Plaintiff may be justly entitled.

Respectfully submitted,

**Raul Steven Pastrana**
State Bar No. 15560845
**PASTRANA LAW FIRM**
42 East Avenue
Austin, Texas 78701
(512) 474-4487

(512) 322-9885 [Facsimile]
steven@pastranalaw.com

Attorney for Plaintiff